IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELBERT MELTON, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-639-RAH-CWB |
| ) | |
| **TOWN OF GORDON,** ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* Amended Complaint (Doc. 17) filed by Elbert Melton, Jr. ("Plaintiff"). Pursuant to 28 U.S.C. § 636, referral has been made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 5). For the reasons set forth below, the Magistrate Judge hereby recommends that the Amended Complaint be dismissed without prejudice.

**I.   Introduction**

Plaintiff filed this action on November 2, 2023 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). By Order entered March 25, 2024 (Doc. 15), *in forma pauperis* status was granted and service of process was deferred pending review pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that "the Complaint contains the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' and 'naked assertion[s] devoid of further factual enhancement' that have been deemed insufficient by the United States Supreme Court to state a plausible claim," the court directed Plaintiff to file an Amended Complaint no later than August 30, 2024 meeting the following specific requirements:

1

a. the Amended Complaint must include a short and plain statement of Plaintiff's claim(s) and identify the federal or state causes of action that Plaintiff is attempting to assert;

b. the Amended Complaint must contain specific factual allegations about the defendant's conduct (*i.e.*, what actions the defendant took that constitute the claims(s) being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claims and noting the relevant dates and locations of all such actions;

c. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

d. the Amended Complaint must contain a demand for relief;

e. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief; and

f. The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.

(Doc. 16 at p. 5) (footnote omitted). Although Plaintiff did file an Amended Complaint (Doc. 17) by the imposed deadline, the undersigned nonetheless finds that a dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**II.    Legal Standard**

Because Plaintiff's request to proceed *in forma pauperis* was granted, the court is authorized to engage in a review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted;[1] or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief can be granted, "a complaint must contain sufficient factual

relief." 28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 requirement to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

**III.   Discussion**

Plaintiff purports to name "Gordon Town Hall" as the sole defendant. (*See* Doc. 17). It does not appear, however, that Gordon Town Hall would be a legal entity amenable to suit. *See Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or

---

matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."). Moreover, Plaintiff claims that he was "discriminated against per Title VII of the Civil Rights Act." (*Id.* at p. 2, ¶ 2). But there is no allegation that he exhausted his administrative remedies with the Equal Employment Opportunity Commission prior to filing suit  *See* Fed. R. Civ. P. 9(c); *see also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) ("[A] plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'") (citation omitted); *Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 907 (11th Cir. 2010) (affirming dismissal of *pro se* complaint where the plaintiff "did not generally allege that she exhausted her administrative remedies" and specifically noting that "[the] complaint did not allege that she filed a complaint with the EEOC or that she was issued a right-to-sue letter prior to filing the instant lawsuit."). And to the extent the Amended Complaint could be construed as asserting a claim under 42 U.S.C. § 1983, any attempt to bring such a claim in this action for conduct occurring during or before January 2019 (*see* Doc. 17 at p. 1, ¶ 4-5) would be time-barred.  *See McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. … [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.") (citations omitted).  In the absence of a viable claim over which there is federal jurisdiction, the undersigned further finds that any potential basis to exercise supplemental jurisdiction should be declined.

**IV.    Conclusion**

Accordingly, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **October 11, 2024**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 27th day of September 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**